NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3023

THOMAS L. BETTS,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

W. Craig James, Mauk & Burgoyne, of Boise, Idaho, for petitioner.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3023

THOMAS L. BETTS,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED: August 8, 2007

_____

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Thomas L. Betts ("Betts") appeals from a decision of the Merit Systems Protection Board ("Board") that became final on September 21, 2006 when Betts failed to file a petition for review with the Board. Betts v. Dep't of the Interior, No. SE-0831-04-0161-I-4 (M.S.P.B. Aug. 17, 2006). The Board affirmed a final decision by the Department of the Interior ("agency") denying his request for law enforcement officer ("LEO") retirement coverage under the Civil Service Retirement System ("CSRS") and the Federal Employees Retirement System ("FERS"). Id. Because the Board's decision is supported by substantial evidence and otherwise in accordance with law, we affirm. See 5 U.S.C. § 7703(c).

On appeal, Betts asserts that he was entitled to LEO credit for his service as a park ranger at Grand Canyon National Park and Rocky Mountain National Park, and for his service as a supervisory park ranger at Yellowstone National Park. As both parties agree, the Board misapplied the break-in-service rule by stating that it would not consider service prior to August 31, 1986. That error is harmless, however, because Betts's service at Grand Canyon, Rocky Mountain, and Yellowstone—the only service that Betts argues qualifies for LEO credit—all occurred after that date and was fully considered by the Board.

The parties stipulated that Betts's service after July 15, 1990 qualifies for secondary LEO coverage as a supervisor. Betts argues that his service after that date also qualifies for primary LEO coverage. We conclude, however, that substantial evidence supports the Board's finding that Betts failed to prove that he performed qualifying LEO duties in a primary position after that date. Accordingly, the Board properly regarded Betts's service after July 15, 1990 as a secondary LEO position.

In order to be entitled to CSRS or FERS coverage for enhanced LEO credit in a secondary position, an employee must have transferred directly from a primary LEO position. See 5 C.F.R. §§ 831.904, 842.803. Although Betts argues that evidence supports that he spent the majority of his time performing primary LEO duties in his position at Grand Canyon, the position description and the testimony regarding Betts actual duties demonstrate that Betts's position did not exist primarily for the purpose of investigating, apprehending, or detaining criminals or suspects. See Watson v. Dep't of the Navy, 262 F.3d 1292, 1299, 1303 (Fed. Cir. 2001). The position description and the testimony regarding Betts's actual duties at Rocky Mountain likewise fail to demonstrate

that Betts's position there existed for the purpose of law enforement. We therefore conclude that substantial evidence suports the Board's finding that Betts's service at Grand Canyon and Rocky Mountain did not qualify as service in a primary LEO position.

Because the service at Grand Canyon and Rocky Mountain does not qualify as service in a primary LEO position, Betts did not transfer directly from a primary LEO position, and thus his subsequent service in a secondary LEO position does not entitle to him to coverage for enhanced LEO credit. Accordingly, because substantial evidence supports the Board's findings, we affirm.

COSTS

No costs.